UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. No. 20-13 WES |
| v. | Violations: |
| GRANT DEVILLEZ, | 18 U.S.C. § 1343 (Wire Fraud) |
| Defendant. | Forfeiture |

## INDICTMENT

The Grand Jury charges that:

### Introduction

At all times relevant to this Indictment:

1. Grant DEVILLEZ resided in the District of Connecticut and worked in the District of Rhode Island.

2. Décor Craft, Inc. (DCI) was a small business based in Providence, Rhode Island that sold gift and home décor items.

3. R.K. was the founder of DCI.

4. DCI had a business bank account at Bank of America (BoA).

5. From approximately October 2015 through August 2018, DEVILLEZ was an Accounts Payable Clerk at DCI. As an Accounts Payable Clerk, DEVILLEZ was responsible for paying DCI bills, including making payments to DCI vendors, and

reconciling DCI accounts.

6. DEVILLEZ had personal bank accounts in his name, including East Hampton Savings Bank account # 8548 and Santander Bank account # 7532

7. B.B. resided in the District of Massachusetts.

8. B.B. had a personal bank account at Digital Federal Credit Union (DFCU) account # 3302.

## COUNTS ONE - TEN

(18 U.S.C. § 1343 –Wire Fraud)

### Scheme and Artifice to Defraud

9. Beginning on a date unknown to the Grand Jury but not later than on or about February 2, 2016, and continuing until on or about July 31, 2018, in the District of Rhode Island and elsewhere, the defendant,

**GRANT DEVILLEZ,**

did knowingly and with intent to defraud, devise and intend to devise a scheme to defraud and obtain money from DCI by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, through the transmission in interstate commerce of wire communications.

### Object of the Scheme to Defraud

10. The object of the scheme to defraud was for DEVILLEZ to defraud and unlawfully obtain money from DCI by misappropriating funds from the DCI BoA account for his personal use, and falsifying DCI records to prevent detection of the misappropriation.

2

## Manner and Means of the Scheme to Defraud

11. While employed at DCI, in the course of his duties, DEVILLEZ regularly prepared lists of proposed vendor payments that would be reviewed and approved by DCI founder R.K. After approving the proposed payments, R.K. gave DEVILLEZ an electronic access code to make the approved payments by electronic wire transfers from the DCI BoA account.

12. After DEVILLEZ presented R.K. with a list of proposed payments to vendors and received authorization to make those payments, DEVILLEZ did not make the listed payments to DCI vendors. Instead, DEVILLEZ made a partial payment or no payment to a vendor, and would transfer the balance of the authorized amount from the DCI BoA account to his personal bank accounts, to his creditors to pay his bills, and to a Massachusetts resident, B.B.

13. After making the unauthorized wire transfers, DEVILLEZ would falsify DCI records to reflect that full payment had been made to vendors.

14. By making these unauthorized transfers and falsifying DCI records, DEVILLEZ misappropriated approximately $302,000 from DCI.

## Execution of the Scheme to Defraud

15. On or about the dates set forth below, in the District of Rhode Island and elsewhere, for the purpose of executing the scheme and artifice to defraud, and attempting to do so, did transmit and cause to be transmitted certain wire communications in interstate and foreign commerce, each wire communication

constituting a separate count, as more particularly described below:

| Count | Date | Amount | Account that Received the Wire Transfer |
|---|---|---|---|
| 1 | 8/15/2016 | $2,516.32 | East Hampton Savings Bank account # 8548 in the name of DEVILLEZ |
| 2 | 1/10/2017 | $3,479.23 | East Hampton Savings Bank account # 8548 in the name of DEVILLEZ |
| 3 | 8/22/2017 | $4,163.52 | Santander Bank account # 7532 in the name of DEVILLEZ |
| 4 | 8/25/2017 | $4,652.97 | DFCU account # 3302 in the name of B.B. |
| 5 | 10/27/2017 | $3,785.25 | DFCU account # 3302 in the name of B.B. |
| 6 | 3/6/2018 | $3,564.29 | DFCU account # 3302 in the name of B.B. |
| 7 | 5/18/2018 | $1,985.25 | Discover Bank account # 6496 in the name of DEVILLEZ |
| 8 | 5/18/2018 | $2,156.55 | Santander Bank account # 7532 in the name of DEVILLEZ |
| 9 | 7/31/2018 | $2,456.59 | Discover Bank account # 6496 in the name of DEVILLEZ |
| 10 | 7/31/2018 | $4,156.25 | Santander Bank account # 7532 in the name of DEVILLEZ |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

Upon conviction of one or more of the wire fraud offenses alleged in Counts 1 through 10 of this Indictment, defendant DEVILLEZ shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1343, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has

been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

All in accordance with 18 U.S.C. § 981(a)(1), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL:

REDACTED

AARON L. WEISMAN
United States Attorney

DENISE MARIE BARTON
Assistant U.S. Attorney

SANDRA R. HEBERT
Assistant U.S. Attorney
Deputy Chief, Criminal Division

Dated: 2/11/20

5